UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL GUSTAFSON,

    Plaintiff,

v.

    Case No. 2:24-cv-724-KCD

SALLIE MAE BANK, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC,

    Defendants,
_____/

# ORDER

Plaintiff Paul Gustafson moves to compel Defendants to adopt his proposed language for sealing documents in the parties' confidentiality agreement. (Doc. 68.)[1] Defendant Experian Information Solutions, Inc. responded in opposition. (Doc. 70.)

Plaintiff's motion can be quickly disposed of because the Court's Civil Action Order precludes the relief sought: "The court cannot compel parties to enter into a confidentiality agreement." (Doc. 5 at 5.) With that, the motion to compel is **DENIED**. Even so, any dispute about the competing language can be avoided by simply requiring compliance with Local Rule 1.11 (addressing how to seal documents) in the confidentiality agreement. Plaintiff's concerns

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

about who can (or should) move to seal an item are allayed by Local Rule 1.11(c).

Finally, Plaintiff seeks "fees and costs for having to bring this Motion under Rule 37(a)(5)." (Doc. 68 at 7.) But as Experian points out, sanctions are inappropriate here because Rule 37 concerns motions "for an order compelling disclosure or discovery." *See* Fed. R. Civ. P. 37(a)(1). There is no request for outstanding discovery. And to the extent Plaintiff's motion seeks a protective order under Rule 26, and corresponding costs through Rule 37, there is still no basis for awarding fees. *See* Fed. R. Civ. P. 37(a)(5)(B). "Discovery conduct is substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Liberty Int'l Underwriters v. Landstar Ranger, Inc.*, No. 3:08-cv-01079-J-25JRK, 2010 WL 11507988, at *2 (M.D. Fla. Apr. 30, 2010). Here, there is a "genuine dispute" concerning the confidentiality agreement's language that Experian has a good faith basis for opposing.

**ORDERED** in Fort Myers, Florida on May 12, 2025.

Kyle C. Dudek
United States Magistrate Judge